**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| H.T. WOODS, INC. ET AL. | : |
| | : CIVIL ACTION NO. |
| Plaintiffs, | : |
| | : |
| v. | : CA 07 149 T |
| | : |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, ALIAS, THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, ALIAS, AND JOHN DOE, INC. | : |
| | : |
| Defendants. | : |

**<u>NOTICE OF REMOVAL</u>**

The defendants, St. Paul Fire & Marine Insurance Company ("St. Paul") and The Hartford Steam Boiler Inspection and Insurance Company ("HSB") (collectively, "the Defendants"), pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, for purposes of removing this case to the United States District Court for the District of Rhode Island, state the following:

**I.**

By Summons and Complaint dated April 6, 2007, plaintiffs, H.T. Woods, Inc., Handwork, Inc., Woods Real Estate Association, Inc., Harold T. Woods, and Alexandra Woods (collectively, the "Plaintiffs") commenced an action in the Superior Court for the County of Kent in the State of Rhode Island and Providence Plantations, captioned as <u>H.T. Woods, Inc., et al. v. St. Paul Fire and Marine Insurance Company, Alias and The Hartford Steam Boiler Inspection and Insurance Company, Alias and John Doe, Inc.</u>, Civil Action No. 06-1184 (the "State Court action"). A copy of Plaintiffs' Complaint (the "Complaint") is attached as Exhibit A. The Complaint asserts two claims against the Defendants and a John Doe corporation, in which the Plaintiffs allege that the

Defendants breached their contracts with the Plaintiffs by failing to timely repair a printing press, failing to compensate the Plaintiffs for their losses, and failing to adequately adjust the losses under an insurance policy. The nature of the Plaintiffs' allegations is stated more fully in the Complaint. The Defendants deny any and all liability for the Plaintiffs' claims, and have valid defenses thereto. The above-described action is a civil action that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 based on diversity of citizenship.

**II.**

St. Paul first received notice of the Summons and Complaint on April 13, 2007. On that date, St. Paul received the Summons and Complaint via certified mail. With the exception of the receipt of the Summons and Complaint, St. Paul has not received any other pleadings or orders in the State Court action. To St. Paul's knowledge, with the exception of the filing of Plaintiff's Complaint, there have been no further proceedings in the State Court action.

HSB first received notice of the Summons and Complaint on April 13, 2007. On that date, HSB received a copy of the Summons and Complaint via certified mail. With the exception of the receipt of the Summons and Complaint, HSB has not received any other pleadings or orders in the State Court action. To HSB's knowledge, with the exception of the filing of Plaintiff's Complaint, there have been no further proceedings in the State Court action.

**III.**

This Notice of Removal is timely filed. Title 28, § 1446(b) requires that a Notice of Removal be filed within thirty (30) days from receipt of a pleading establishing federal jurisdiction. Thirty days from the date on which St. Paul received first notice of the Complaint

falls on May 14, 2007. Thirty days from the date on which HSB received first notice of the Complaint falls on May 14, 2007.[1]

IV.

There is complete diversity of citizenship between the parties to this action. The Plaintiffs H.T. Woods, Inc., Handwork, Inc., and Woods Real Estate Association, Inc. are Rhode Island corporations with their principal places of business in Rhode Island. (See Exhibit A, Complaint ¶¶ 1-3.) The Plaintiffs Harold T. Woods and Alexandra Woods are residents of Rhode Island. (See Exhibit A, Complaint at ¶¶ 4-5.) The defendant St. Paul is a Minnesota corporation with its principal place of business in Connecticut. The defendant HSB is a Connecticut corporation with its principal place of business in Connecticut. Plaintiffs have named a fictitious corporation, John Doe, Inc., as a defendant, but under 28 U.S.C. § 1441(a), "the citizenship of defendants sued under fictitious names shall be disregarded." As a result, there is complete diversity of citizenship between the parties and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. The Defendants, therefore, are entitled to remove this action pursuant to 28 U.S.C. § 1441.

V.

The amount in controversy in this litigation is in excess of $75,000.00, exclusive of costs and interest and is, therefore, properly removable. Although the Plaintiffs fail to specify the nature and extent of their damages, it is clear that the Plaintiffs seek to recover an amount in excess of $75,000.00. The Plaintiffs allege that the Defendants breached their contracts with the Plaintiff by failing to timely repair a printing press and to compensate the Plaintiffs for their losses, and that these failures constitute a bad-faith insurance practice.

---

[1] Thirty days from April 13, 2007 is May 13, 2007, which is a Sunday. Therefore, under Fed. R. Civ. P. 6(a), the last day of the thirty-day period falls on the following Monday, which is

**VI.**

As a result of the complete diversity of citizenship between the parties and the amount in controversy stated herein, this action may be removed by the Defendants pursuant to 28 U.S.C. §§ 1441 and 1332.

**VII.**

This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) in that the captioned District Court sits in the district and division embracing the place where the State Court action is pending.

**VIII.**

Plaintiffs have named an unidentified corporation, John Doe, Inc., as a defendant, but the consent of a party not served with process at the time a petition for removal is filed is not required. *See Esposito v. Home Depot U.S.A., Inc.*, 436 F. Supp. 2d 343, 345 n3 (D.R.I. 2006). Thus, all defendants to this matter consent to removal.

**IX.**

The Defendants appear herein by and through their attorneys specifically and solely for the purpose of removing the State Court action to the District Court.

**X.**

Promptly after filing this Notice for the removal of the State Court action, the Defendants will give written notice of such filing to the Plaintiffs and will file a copy of the Notice of Removal with the Clerk of the State Court, which shall effect the removal of the State Court action, and the State Court shall proceed no further unless and until the case is remanded.

---

May 14, 2007.

**XI.**

Pursuant to Local Rule 81(b), the Defendants have requested that a certified copy of the Docket and all papers filed in the State Court Action from the Clerk of the Providence Superior Court and will file the same with this District Court upon receipt.

WHEREFORE, St. Paul Fire & Marine Insurance Company and the Hartford Steam Boiler Inspection and Insurance Company pray that this Notice of Removal be accepted as good and sufficient, that the aforesaid Complaint be removed from the State Court to the District Court for trial and determination as provided by law, and that this civil action proceed as if it had originally been commenced in the District Court.

SO NOTICED this 30th day of April 2007.

DEFENDANTS, ST. PAUL FIRE AND MARINE INSURANCE COMPANY AND HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY,

Joseph K. Scully (#6217)
*jkscully@daypitney.com*
Day Pitney LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)

Their Attorney

DATED: April 30, 2007

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was mailed on April 30, 2007, postage prepaid, to:

Paul S. Cantor, Esq.
321 South Main Street, Suite 302
Providence, RI 02903
*Attorney for Plaintiffs*

Thomas Dickinson, Esq.
Law Offices of Thomas Dickinson
1312 Atwood Avenue
Johnston, RI 02919
*Attorney for Plaintiffs*

Joseph K. Scully