**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

H.T. WOODS, INC., HANDWORK, INC., WOODS REAL ESTATE ASSOCIATION, INC., HAROLD T. WOODS AND ALEXANDRA WOODS

V. C.A. No. 1:07-CV-00149-T-DLM

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, ALIAS, THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, ALIAS, and JOHN DOE, INC.

**PLAINTIFFS' RULE 16 STATEMENT**

**FACTUAL SUMMARY**

On December 21, 2004 Plaintiff Corporations, H.T. Woods, Inc., Handwork, Inc., and Woods Real Estate Association, Inc. (collectively "H.T. Woods") were related corporations doing business in Warwick, Rhode Island. H.T. Woods had business interruption coverage through St. Paul Fire and Marine Insurance Company, and The Hartford Steam Boiler Inspection and Insurance Company ("Defendants"). On December 21, 2004 a large commercial printing press owned by H.T. Woods was damaged in the course of its business use when a wrench fell into the machine. H.T. Woods immediately notified Defendants of the loss and, in due course, Defendants inspected the loss and proposed to repair the damaged part. Independent inspection by Mitsubishi, the manufacturer of the press, revealed that for approximately the same cost as the proposed repair cost the damaged part could be replaced, with the new part guaranteed by Mitsubishi. H.T. Woods sought this solution because it would be faster, and the work would be

guaranteed whereas the repair work proposed by Defendants would not be guaranteed. Defendants refused to pay for the replacement procedure and insisted on the repair procedure. Thereafter, the repair procedure was begun but took much longer than projected, and much longer than the replacement would have taken, such that it was not completed until approximately June 2005.

Because of the increased delay in restoring the press to operation, H.T. Woods suffered substantial increased business loss, both through increased lost income while the press was out of operation, and also because of very substantial forbearance costs which its lenders imposed as a result of the business interruption. Ultimately, H.T. Woods ceased operation. The press was sold at a price substantially below the price it would have brought if the subject part had been replaced rather than repaired. H.T. Woods made claims against Defendants for business interruption loss and Defendants have made a small payment toward these losses but significant loss remains uncompensated. H.T. Woods also contends that it lost approximately $300,000.00 in value of the press as a result of the repair versus replacement. This lawsuit seeks compensation for the unreimbursed business losses, and also contains a claim for bad faith insurance practices relative to Defendants' insistence on repairing rather than replacing the subject part.

**LEGAL CLAIMS**

**1. Breach of Contract**

Count I of the Complaint is a standard Breach of Contract action. Under this Count, H.T. Woods would have to prove a contract (which does not appear disputed), damages, and that Defendants' payments to date under the Contract have not fully compensated it for its damages.

## 2. **Bad Faith Insurance Practices**

H.T. Woods has also brought a claim for Defendants' bad faith refusal to timely perform its obligations under the Contract. Specifically, this claim is based upon Defendants' insistence on repairing, rather than replacing, the subject part. H.T. Woods' position is that Defendant chose this course in order to save nominal repair costs, and that the consequences were significant increased delay in returning the press to operation, significant increased business loss, and significant loss in value to the press.

Plaintiffs' understanding is that it must prove both objective and subjective components to show bad faith: 1) the absence of an objectively reasonable basis for the decision, and 2) Defendants' subjective knowledge of the absence of such basis. *Pace v. Insurance Co. of North America,* 838 F.2nd 572 (1st Cir. 1988).

Plaintiffs
By and through its Counsel
/s/ Paul Cantor
Paul Cantor, #3177
Law Office of Paul Cantor
321 South Main Street, Suite 302
Providence, Rhode Island 02903
Telephone: (401) 351-8200
Facsimile: (401) 351-9032
Psc@cantorlaw.com

Plaintiffs
By and through its Counsel
/s/ Thomas M. Dickinson
Thomas M. Dickson, #2520
1312 Atwood Avenue
Johnston, Rhode Island 02919
Telephone: (401) 490-8083
Facsimile: (401) 942-4918
tmd@appealRI.com

Date: 7/18/07

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 18, 2007.

/s/ Paul S. Cantor